WILLIAM C. MORISON (No. 99981)
wcm@morisonprough.law
HENRY M. SU (No. 171853)
hms@morisonprough.law
MORISON & PROUGH, LLP
2540 Camino Diablo, Suite 100
Walnut Creek, CA 94597
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Plaintiff
HALLMARK AMERICAN
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK AMERICAN INSURANCE COMPANY, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>VALLEE DEVELOPMENT CORP., a California corporation, et al.,<br><br>Defendants. | Case No. 2:19-cv-00707-TLN-EFB<br><br>STIPULATION AND ORDER |

THE UNDERSIGNED PARTIES HEREBY STIPULATE AS FOLLOWS:

1. Plaintiff Hallmark American Insurance Company ("Hallmark") filed the complaint in the above-referenced action on April 24, 2019. The Estate Of Preston R. Vallee and David Hanks, as the personal representative of the Estate Of Preston R. Vallee (collectively herein "Preston Vallee"), are among the defendants in that action.

2. The complaint alleges Hallmark issued an Aircraft Insurance Policy No. GA99-41041-00 for the policy period April 7, 2017 to April 7, 2018 ("Hallmark Policy").

3. Preston Vallee admits that The Estate Of Preston R. Vallee, David Hanks, as the personal representative of the Estate Of Preston R. Vallee, and Preston R. Vallee, prior to his death, are not insureds under the Hallmark policy. Preston Vallee fully, forever, finally, generally, completely, unequivocally, and irrevocably releases, discharges and forever waives any

and all claims, benefits, rights, duties, obligations, damages, actions, and proceedings directly or indirectly arising out of the Hallmark Policy.

4. Preston Vallee admits that he is not asserting any claims against Hallmark, the Hallmark Policy, and/or any alleged or actual insured under the Hallmark Policy arising out of the crash of a 2006 Beechcraft G36 Bonanza aircraft, FAA Registration Number N7215J, that happened on September 9, 2017. Preston Vallee further fully, forever, finally, generally, completely, unequivocally, and irrevocably releases, discharges and forever waives any and all claims against any and all alleged and/or actual insureds under the Hallmark Policy including, but not limited to, any claims for wrongful death or survival under Code of Civil Procedure sections 377.30 and 377.60, that could be, are alleged to be, or are covered by the Hallmark Policy.

5. The Estate Of Preston R. Vallee and David Hanks, as the personal representative of the Estate Of Preston R. Vallee, are hereby dismissed from this action without prejudice. Each party will bear his or its own costs.

6. The Estate Of Preston R. Vallee and David Hanks, as the personal representative of the Estate Of Preston R. Vallee, will be bound by any judgment entered in this case as if they remained defendants.

Dated: May __, 2019  MORISON & PROUGH, LLP

By: /s/
    William C. Morison

Attorneys for Plaintiff
HALLMARK AMERICAN
INSURANCE COMPANY

Dated: May __, 2019  REYNOLDS LAW, LLP

By: /s/
    James Forbes

Attorneys for Defendants
THE ESTATE OF PRESTON R. VALLEE and DAVID HANKS, as the personal representative of THE ESTATE OF PRESTON R. VALLEE

## ORDER

IT IS SO ORDERED.

DATED: July 3, 2019

_____
Troy L. Nunley
United States District Judge